**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 23-1320 |
| Plaintiff - Appellee, | D.C. No. 5:20-cr-00186-MCS-1 |
| v. | |
| TIMOTHY SCOTT JONES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted June 6, 2024
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,[**] District Judge.

Defendant Timothy Scott Jones appeals his conviction following a jury trial for

possession with intent to distribute over 50 grams of methamphetamine, in violation

of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); possession of a firearm in furtherance of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context for our decision.

1. Jones argues that the district court's denial of his motion to suppress his statement made to police officers that he "had a gun and 'dope' in his bag," violated his Fifth Amendment rights as stated in *Miranda v. Arizona*, 384 U.S. 436, 445 (1966). "We review a denial of a motion to suppress and whether a defendant is constitutionally entitled to *Miranda* warnings *de novo*," and "review the underlying factual findings for clear error." *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008) (citing *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir. 2004) (en banc)).

A police officer's obligation to provide *Miranda* warnings arises when a person is "in custody[.]" *Miranda*, 384 U.S. at 445. "To determine whether an individual was in custody, we must decide whether a reasonable person in the circumstances would have believed he could freely walk away from the interrogators." *United States v. Barnes*, 713 F.3d 1200, 1204 (9th Cir. 2013) (per curiam). The factors identified in *United States v. Kim*, 292 F.3d 969 (9th Cir. 2002), are relevant, although not

exclusive, to determine whether Jones was in custody. *See Barnes*, 713 F.3d at 1204; *see also Kim*, 292 F.3d at 974 (listing relevant factors). These factors weigh heavily in favor of the conclusion that Jones was not in custody when he made the challenged statement to the police officers.

The district court did not err in denying Jones's motion to suppress because his statement was not the product of a custodial interrogation to which his *Miranda* rights attached. There is no evidence in the record indicating that the two police officers summoned or confronted Jones with evidence of guilt before he made the statement or applied pressure to detain him. *See Kim*, 292 F.3d at 974. And the physical surroundings of Jones's encounter with the police officers do not support the conclusion that he was in custody. *See id.*

In sum, the totality of the circumstances supports the district court's finding that a reasonable person in Jones's position would have felt free to leave. We therefore affirm the district court's denial of Jones's motion to suppress.

2. Jones also challenges the district court's denial of his motions for a mistrial and new trial based on the prosecutor's statements during closing argument. Jones contends that the prosecutor committed four acts of misconduct that alone or in combination require that we vacate his conviction and remand for a new trial. But at trial, Jones only objected to one act of alleged prosecutorial misconduct: the

prosecutor's first instance of alleged vouching.  After Jones objected, the district court gave a curative instruction and denied a mistrial, and the district court later denied a new trial, on the ground that the prosecutor's statement had a limited prejudicial effect.  We review this objected to instance of alleged vouching for harmless error. *See United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir. 2000).  "Reversal on this basis is justified only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial." *Id.* (citation omitted).

Even if we assume that the prosecutor's statement constituted vouching, any resulting prejudice was neutralized by the district court's contemporaneous curative instruction, which was tailored to the prosecutor's challenged statement. *See United States v. Necoechea*, 986 F.2d 1273, 1278 (9th Cir. 1993).  The district court also instructed the jury that "[q]uestions, statements, objections, and arguments by the lawyers are not evidence."

We presume that the jury followed the district court's instructions absent evidence that it did not. *See United States v. Flores*, 802 F.3d 1028, 1040 (9th Cir. 2015); *United States v. Randall*, 162 F.3d 557, 559–60 (9th Cir. 1998) ("Ordinarily, cautionary instructions or other prompt and effective actions by the trial court are sufficient to cure the effects of improper comments, because juries are presumed to follow such cautionary instructions.").  Jones has not rebutted this presumption. *See*

*United States v. Medina Casteneda*, 511 F.3d 1246, 1250 (9th Cir. 2008). Accordingly, Jones has not shown that, "when taken in the context of the entire trial," the prosecutor's vouching "materially affect[ed] the jury's ability to judge the evidence impartially." *United States v. Parker*, 241 F.3d 1114, 1120 (9th Cir. 2001) (citation omitted).

3. Because Jones's counsel failed to object to the prosecutor's other challenged statements made during closing argument, we review for plain error. *See United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190 (9th Cir. 2015). Reversal on this basis is warranted only if "(1) there was error; (2) it was plain; (3) it affected the defendant's substantial rights; and (4) 'viewed in the context of the entire trial, the impropriety seriously affected the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* at 1191 (citation omitted).

The district court did not plainly err when it denied Jones's motion for new trial based on these statements. The prosecutor's second statement regarding the police officers' credibility did not constitute vouching. The prosecutor did not offer his own assessment of the police officers' credibility but rather emphasized that the jury would find that the police officers were credible according to their independent judgment. *See United States v. Weatherspoon*, 410 F.3d 1142, 1147 (9th Cir. 2005). The prosecutor's challenged analogy did not minimize the burden of proof. The record

indicates that the prosecutor's analogy was made in the context of discussing the police officers' investigation rather than the government's burden of proof. *See United States v. Ruiz*, 710 F.3d 1077, 1085 (9th Cir. 2013) (holding that the prosecutor's argument was proper when he characterized the evidence as overwhelming to explain why officers at the scene did not take additional investigatory steps). The prosecutor neither mentioned the "beyond a reasonable doubt" standard nor referred to key terms within that standard. *Cf. United States v. Velazquez*, 1 F.4th 1132, 1137–38 (9th Cir. 2021).

The prosecutor also did not comment on Jones's Fifth Amendment right to remain silent when he listed examples of exculpatory statements that Jones could have made when he encountered the police officers. The Fifth Amendment self-incrimination privilege prevents a prosecutor from suggesting that a criminal defendant's invocation of his right to remain silent is evidence of guilt. *See Griffin v. California*, 380 U.S. 609, 615 (1965). But a prosecutor does not violate a defendant's due process rights by commenting on his pre-arrest, pre-*Miranda* silence, which may be used "as impeachment evidence and as evidence of substantive guilt." *United States v. Beckman*, 298 F.3d 788, 795 (9th Cir. 2002). As explained above, Jones was not in custody at the time he made his inculpatory statement (and concomitantly did not make any exculpatory statement). Accordingly, the prosecutor

- 6 -

was free to comment on Jones's pre-arrest, pre-*Miranda* silence. *See id.*

4. Cumulatively, any error was not sufficiently prejudicial to require reversal. *See United States v. Payne*, 944 F.2d 1458, 1477 (9th Cir. 1991) ("[W]hile a defendant is entitled to a fair trial, he is not entitled to a perfect trial, 'for there are no perfect trials.'") (quoting *Brown v. United States*, 411 U.S. 223, 231–32 (1973)). Accordingly, any minor misstatement by the prosecutor does not require reversal.

**AFFIRMED**.